IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
:
:
:
v. :
:
MICHAEL JACKSON : CIVIL ACTION NO.
*Defendant* : 1:16-CR-427-AT
:
:

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 1095], recommending denial of Defendant Michael Jackson's Motion to Suppress All Evidence Collected Pursuant to the Stored Communications Act [Doc. 608] and Order denying Defendant's Motion for Bill of Particulars [Doc. 609][1]. As Defendant did not perfect his Motion to Suppress All Evidence Collected Pursuant to the Stored Communications Act [Doc. 608], the Magistrate Judge deemed that motion abandoned, or alternatively, determined that the unperfected motion should be denied on the merits. Therefore, the Magistrate Judge recommended that the motion to suppress be denied as well as ordered the

---

[1] The concluding paragraph of the R&R references Defendant Riley's Motion for Bill of Particulars [Doc. 610] as opposed to Mr. Jackson's Motion [Doc. 609], the latter of which is clearly the subject of the Magistrate Judge's Order [Doc. 1095]. This is clearly a simple scrivener's error.

denial of the Motion for Bill of Particulars. (Doc. 1095 at 1, fn. 1.) The Defendant filed objections to the Order denying his Motion for a Bill of Particulars contained within the R&R [Doc. 1113, 1095] but not to the Magistrate Judge's recommendation as to the denial of the motion to suppress. In short, Defendant's Objections solely address the portion of the R&R that contain an Order denying Defendant Jackson's Motion for a Bill of Particulars [Doc. 609].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any non-objected to portion on a "clearly erroneous" standard. The Court accordingly reviews the portion of the Magistrate Judge's R&R regarding the unperfected suppression motion to which no objections were filed on a clearly erroneous standard. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has reviewed the Magistrate Judge's Recommendation as to Defendant Jackson's Motion for Suppression [Doc. 608] for clear error and finds none.

The Magistrate Judge's Order denying Defendant's Motion for a Bill of Particulars is not case-dispositive. Thus, pursuant to Rule 59 of the Federal Rules of Criminal Procedure, the Court considers Defendant's timely objections and must

modify or set aside any part of the Magistrate Judge's Order that is contrary to law or clearly erroneous.[2]

Defendant contends that the Indictment in this case fails to give him requisite notice of the particular criminal acts that he is personally accused of and fails to properly advise him of the specifics of the crimes alleged. Defendant also contends that the Indictment fails to identify the specific overt acts relied upon as grounds for the enhanced sentencing sought in the Indictment. Specifically, the Defendant argues that the Indictment is insufficient to advise him regarding the full range of salient facts and actions upon which he *personally* may be held criminally liable or receive aggravated sentencing, and he argues he is entitled to information concerning the predicate acts underlying the formation of the Nine Trey Gangsters and the alleged roles of all conspiracy participants and all overt acts committed.

The Magistrate Judge addressed each of the categories of alleged pleading insufficiencies raised by Defendant. The Court agrees with the Magistrate Judge's factual and legal analysis of the sufficiency of the Indictment's allegations, with one qualification. The Magistrate Judge considered the breadth of discovery made available in the course of his analysis. Defendant argues that the discovery in this case is too massive to provide tailored guidance regarding the Indictment's

---

[2] In the event Defendant might contend that the Court should have reviewed his motion and the Magistrate Judge's Order de novo (as part of an R&R), the Court has also conducted a de novo review.

allegations. In this connection, the Court takes note of Defendant's argument in footnote 1 of his objection – and the actual possibility of confusion as to whether information alleged in overt acts 95-96 is connected to the information alleged or associated with overt acts 98-99. Thus, "Mr. Jackson asserts it isn't clear that the overt acts are related or that they even involve the same intended target, or that anyone was actually killed." Discovery may likely have addressed this purported lack of clarity. Accordingly, the Government is **DIRECTED** to identify by letter transmission to Defendant's counsel the specific documents (by identifying number) in discovery that are responsive to the query or concern posed by Defendant Jackson. If such identified discovery and Governmental counsel cannot provide clarification, Defendant may request supplemental relief addressing this specific circumstance.

In summary, the Court **OVERRULES** Defendant's objections [Doc. 1113], **ADOPTS** the Magistrate Judge's R&R [Doc. 1095], **DENIES** defendant's Motion to Suppress All Evidence Collected Pursuant to the Stored Communications Act [Doc. 608], and **AFFIRMS AND ADOPTS** the Magistrate Judge's Order denying Defendant's Motion for Bill of Particulars [Doc. 609] subject to the qualifying condition described above.

**IT IS SO ORDERED** this 12th day of December, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**